**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANGENG DONG, | No. 08-72943 |
| Petitioner, | Agency No. A073-001-546 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2009**
Pasadena, California

Before: PREGERSON, REINHARDT and WARDLAW, Circuit Judges.

Jiangeng Dong, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' ("BIA") June 11, 2008,

denial of his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Cano-*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We grant the petition for review and remand.

Although Dong's motion to reopen was facially untimely, *see* 8 C.F.R. § 1003.2, the time limitation does not apply because Dong provided material and previously unavailable evidence of changed circumstances arising in China that could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii).  Dong provided the BIA with evidence that Chinese officials had specifically ordered him to return and face punishment for illegal departure, and that the punishment would include imprisonment.  The BIA's conclusion that Dong did not establish changed circumstances was an abuse of discretion because it was based on a factual finding about the nature of punishment he would face that was not supported by the evidence, and an erroneous legal conclusion about the significance of his anticipated punishment for illegal departure.

The BIA clearly erred in finding that Dong "failed to submit adequate evidence" that he would face future persecution and that evidence submitted was "vague and does not demonstrate a likelihood that the respondent will be persecuted on account of his illegal departure." Unlike the petitioner in *Matter of J-W-S-*, 24 I. & N. Dec. 185 (BIA 2007), Dong has provided specific and personalized evidence indicating that the government had ordered him to surrender and "accept

punishment" for his illegal departure, that the punishment would include imprisonment, and that "[i]f he disobeyed" the government's order to surrender, the government "would punish him very severely," meeting the threshold requirement for a finding of a well-founded fear of persecution. *Malty v. Ashcroft*, 381 F.3d 942, 948 (9th Cir. 2004) (*citing INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987)). Because these facts were not inherently unbelievable, the BIA was required to accept them as true. *Id.* at 947.

The BIA also found that even if Dong would face imprisonment for illegal departure, such punishment would not constitute persecution. In so finding, the BIA erroneously concluded that this case was controlled by *Matter of Sibrun*, 18 I & N. Dec. 354, 358–360 (BIA 1983).[1] The record shows that Dong fled China after officials attempted to arrest and sterilize him following the birth of his second child, because flight was the only way he could avoid forced sterilization. Therefore, unlike in *Sibrun*, any punishment Dong faces for fleeing is inextricably intertwined with punishment for refusing to undergo forced sterilization. *See Rodriguez-Roman*

---

[1]To the extent that the government contends that we do not have jurisdiction to consider whether the punishment Dong faces for illegal departure amounts to punishment for refusal to undergo forced sterilization because Dong did not make that argument before the BIA, we reject its contention. The issue was both implicitly raised by Dong and implicitly considered by the BIA when it cited *Sibrun* and *Abedini v. INS,* 971 F.2d 188 (9th Cir. 1992).

3

*v. INS,* 98 F.3d 416, 430 (9th Cir. 1996) ("[A]n asylum applicant who left his country because of his political opinions and who faces severe punishment for the crime of illegal departure has established that he is subject to persecution on account of political opinion . . . ."); *Handbook on Procedures and Criteria for Determining Refugee Status,* ¶ 61 HCR/IP/4/ENG/REV.1 (Jan.1992) ("Where there is reason to believe that a person, due to his illegal departure . . . [may be subject to] severe penalties his recognition as a refugee will be justified if it can be shown that his motives for leaving or remaining outside the country are related to [a protected ground]."). Because Dong's stated reason for leaving China is presumed credible, the BIA's conclusion that the punishment he faces for illegal departure would not constitute punishment for his political opinions is not supported by substantial evidence. *Malty*, 381 F.3d at 947.

Dong also presented new evidence of his wife's forced sterilization and her subsequent detention and torture for her vocal critique of China's family planning policies. The BIA not only failed to consider the detention and torture of Dong's wife in denying his motion to reopen, but also misread *Matter of J-S-*, 24 I. & N. Dec. 520 (A.G. 2008), in finding that Dong had failed to provide evidence of changed circumstances. *J-S-* stands for only the limited proposition that 8 U.S.C. § 1101(a)(42) cannot be read to confer "*automatic or presumptive* refugee status on

the spouses of persons who have been physically been subjected to a forced abortion or sterilization procedure pursuant to a foreign government's coercive population program." *Jiang v. Holder*, No. 08-73186 (9th Cir. May 17, 2010) (quoting *J-S-*, 24 I. & N. Dec. at 521 (emphasis added)).  Because the BIA "base[d] its decision on an erroneous view of the law or a clearly erroneous assessment of the facts," *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996), it abused its discretion in denying Dong's motion to reopen.

GRANTED; REMANDED.